UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:23-00075

DAVID NELSON GILL


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On March 4, 2025, the United States of America appeared by Jonathan T. Storage, Assistant United States Attorney, and the defendant, David Nelson Gill, appeared in person and by his counsel, Rachel E. Zimarowski, Assistant Federal Public Defender, for a hearing on the petition, and amendment, seeking revocation of supervised release, submitted by Senior United States Probation Officer M. Dylan Shaffer.  The defendant commenced a three (3) year term of supervised release in this action on January 8, 2025, as more fully set forth in the Judgment in a Criminal Case entered by the court on June 7, 2024.

The court heard the admissions of the defendant, and the representations and arguments of counsel.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release as follows: (1) on January 8, 2025, the defendant was released from prison to begin his supervised release and failed to contact his probation office within 72 hours of his release; (2) on January 10, 2025, the defendant was mailed a letter from his probation officer instructing him to contact the probation officer, and the defendant failed to contact his probation officer as instructed; (3) the defendant, as a condition of supervised release, was directed to participate in a 9-12 month residential drug treatment program at Recovery Point upon commencement of his supervised release, and on January 9, 2025, the defendant failed to report to Recovery Point as instructed; and, (4) on February 5, 2025, the defendant submitted a urine specimen that tested positive for fentanyl and methamphetamine, and the defendant signed a voluntary admission form acknowledging his use of heroin and methamphetamine; all as admitted by the defendant, and all as set forth in the petition on supervised release, and amendment, and by the court's findings on the record of the hearing.

2

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of FOUR (4) months and a further term of supervised release of THIRTY-TWO (32) MONTHS imposed with all the same terms and conditions of supervised release as previously imposed, which includes all those conditions listed in AO Form 245B and the Local Rules of Criminal Procedure, Rule 32.3, and with the further special conditions as set forth below.

1. You must participate in a 9 to 12 month residential drug treatment program, upon commencement of supervised release, at Recovery Point or Recovery U, and in the

event you are not accepted into either program, the
Probation Officer is directed to find a comparable 9 to
12 month residential program, and you must follow the
rules and regulations of the program.  The probation
officer, in consultation with the treatment provider,
will supervise your participation in the program.

2. You must participate in a mental health treatment program
and follow the rules and regulations of the program as
directed by the probation officer.  The probation
officer, in consultation with the treatment provider,
will supervise your participation in the program.

The court finds the sentence is sufficient but not greater than
necessary to meet the goals of sentencing.

  The defendant was remanded to the custody of the
United States Marshal.

  The Clerk is directed to forward copies of this
written opinion and order to the defendant, all counsel of
record, the United States Probation Department, and the United
States Marshal.

  DATED:  March 11, 2025

_____
John T. Copenhaver, Jr.
Senior United States District Judge

4